**UNITED STATES BANKRUPCTY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN re TRACY DALE BALDWIN,** | **)** | **Case No. 16-13501** |
| | **)** | **Judge: Janice D. Loyd** |
| **Debtor.** | **)** | **Chapter 13** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**AND BRIEF IN SUPPORT**

Pursuant to the provisions of 11 U.S.C. §362 Jamie Scavona, a priority Creditor, respectfully moves this court for an order lifting the automatic stay to allow an action against Debtor for failure to pay domestic support obligations and seeking attorney's fees incurred by Ms. Scavona in pursuit of relief against Debtor for failure to pay domestic support obligations. In support thereof, Ms. Scavona submits the following Brief of Facts and Arguments.

**BRIEF IN SUPPORT**

**Facts**

1. Ms. Scavona was married to Debtor until their dissolution of marriage was granted on September 20, 2008. The parties have one minor child with significant special needs.

2. Ms. Scavona caused her second Citation for Contempt to be issued against Debtor by the Honorable Howard Haralson out of the Oklahoma County District Court in the fall of 2016 for Debtor's failure to pay child support, and uncovered medical expenses relating to the minor child.

2. After much litigation, the parties reached an agreement in which Debtor pled no contest to two Citations for Contempt and agreed, inter alia, to make ongoing child support payments, make payments toward the child support arrearage, and to obtain a life

insurance policy for the benefit of their minor daughter to secure payment of the child support arrearage. In stead of complying with Agreement, Debtor caused this action to be filed on August 30, 2016.

3. This Agreement was reduced to writing in a Court Minute (including a Court Order filed of record on July 22, 2016), executed by the parties and the Judge of the District Court on June 1, 2016.

4. Ms. Scavona incurred substantial legal fees to obtain the Citations for Contempt and the child support relief ordered in the June 1, 2016 Court Minute.

5. As of the filing of this Motion, Debtor has not obtained a life insurance policy as ordered in the June 1, 2016 Court Minute, or paid his proportionate share of daycare and uncovered medical expenses.

**Argument and Authorities**

As this Court is well aware, a bankruptcy discharge under Chapter 13 does not discharge any debt for a domestic support obligation. 11 U.S.C. § 523(a)(5). Attorney's fees and costs incurred in the enforcement of a Domestic Support Obligation are "domestic support obligations" because Ms. Savona's right to pursue them accrued before an order of relief, are owed to a former spouse, and are explicitly in the nature of child support pursuant to a court order. 11 U.S.C. § 101(14A).

Further, Bankruptcy courts should liberally grant relief from the automatic stay in situations involving collection of alimony, maintenance or support in order to avoid entangling federal court in family law matters best left to state court, thus; family support needs constitute "cause" for which relief from stay may be granted. Carver v. Carver,

C.A.11 (Ga.) 1992, 954 F.2d 1573, certiorari denied 113 S.Ct. 496, 506 U.S. 986, 121 L.Ed.2d 434.

In the present case, Ms. Scavona was the prevailing party in an action to enforce a Domestic Support Order in Oklahoma County District Court. Pursuant to Title 43 Section 111.1(C) of the Oklahoma Statutes is entitled to an award of attorney's fees as the successful party in an action to enforce an order for child support. As this Court is well aware, attorney fees incurred in litigation to enforce a domestic support obligation against a Debtor are not dischargeable in Chapter 13 Bankruptcy. See e.g. *In re Roberson*, 187 B.R. 159 at 163 (BANKR. E.D. VA. 1995) ("The law is well settled in the Fourth Circuit. . . that attorney fee awards in divorce may be excepted from discharge under § 523(a)(5)."); *In Re Silansky*, 897 F.2d 743 (4th Cir. 1990) ("Most courts have classified an award of attorney's fees in a divorce judgment as a nondischargeable debt. . ."); see also *In Re Kline*, 65 F. 3d 749 (6th Cir. 1995).

Finally, Ms. Scavona is entitled to an Order lifting the Automatic Stay to allow her to pursue additional actions requiring Debtor to comply with provisions of the July 2016, Order. **At the present time, Debtor has not complied with the Order**. Specifically, Debtor failed to obtain a life insurance policy; failed to tender $500.00 in attorney's fees for the completion of a special needs trust for the minor child; and failed to pay his proportionate share of daycare and uncovered medical expenses incurred by Ms. Scavona.

Debtor has a history of non-compliance with the Oklahoma County District Court orders regarding the support of his minor child with special needs. Resulting in multiple contempt citations, and substantial attorneys fees incurred by Ms.Scavona to obtain Debtor's compliance. As a result, Ms. Scavona has shown good cause for lifting the Automatic Stay.

WHEREFORE, Ms. Scavona requests this Court to lift the automatic stay to allow Ms. Scavona bring a state court action to cause the Debtor to acquire the life insurance policy ordered in the July 1, 2016 Court Minute, and to pursue attorney fees incurred in the enforcement of Debtor's domestic support obligations to Ms. Scavona.

Respectfully submitted,

_S/ Roe T. Simmons_____________________

Roe T. Simmons, OBA No. 19573
**SMITH SIMMONS, PLLC**
252 NW 70th Street
Oklahoma City, OK 73116
Tel (405) 843-1000/Fax (405) 843-1005
Email: roe@smithsimmons.com
**ATTORNEY FOR CREDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th of January, 2017, a true and correct copy of the Motion for Continuance and Brief in Support was electronically served using the CM/ECF system to all electronic recipients.

Further, I certify that on 9th of January, 2017, a copy of the Motion for Continuance was forwarded via US Mail, first class, postage prepaid to:

Elaine M. Dowling
5500 N Western Suite 130
Oklahoma City, OK 73118

John T. Hardeman
PO Box 1948
Oklahoma City, OK 73101-1948

_s/ Roe T. Simmons_____________
Roe T. Simmons, OBA No. 19573
SMITH SIMMONS, PLLC
252 NW 70th Street
Oklahoma City OK 73116
Tel (405) 843-1000
Fax (405) 843-1005
Email roe@smithsimmons.com
ATTORNEY FOR CREDITOR