IN THE BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

In re:   TRACY DALE BALDWIN,         )
                                     )     Case No. 16-13501 JDL
         Debtor.                     )     Chapter 13

**DEBTOR'S RESPONSE TO FIRST GUARANTY MORTGAGE CORP.'S MOTION
FOR RELIEF FROM AUTOMATIC STAY WITH BRIEF IN SUPPORT
WITH NOTICE OF HEARING**

COMES NOW the Debtor and for his Response to the Motion for Relief from the Automatic Stay filed on behalf of First Guaranty Mortgage Corp. (referred to herein as the "Motion") [Doc. No. 33] would show this Court as follows.

1. The Motion requests relief from stay based on an allegation that the Debtor is delinquent on his mortgage payments, claiming that the Debtor is due for the November, 2016 payment. The Motion was filed on January 17, 2017, so this would require that the Debtor be three months delinquent on his mortgage obligation (November, December and January).

2. On December 19, 2016 First Guaranty Mortgage Corp. (referred to herein as "First Guaranty") filed its Proof of Claim [Claim No. 16]. In this Claim First Guaranty admitted that the arrearage due as of the Date of the Petition was $0 and "Loan Current at BK Filing".

3. For the Debtor to be three months behind as of the filing of the Motion, he would have had to have been two months behind as of the date the Claim was filed. Since, he was current as of the Petition date (August 30, 2016), that must mean that he has made no more than two payments post petition on his mortgage.

4. The Debtor denies that he is in default post petition on his mortgage, let alone that he has made no more than two payments post petition. The Debtor asserts that his September payment was made a few days early (either online or by telephone so there is no check number),

and actually cleared in August, 2016 (he actually made two payments in August, 2016). The October payment was made by check #3075, the November payment was made by check #3057. The December payment was made by check number 3067. At the time of this response counsel has not received the January payment information yet, but clearly the Debtor has made more than two payments post petition, and should be credited for the September payment even though it was actually made pre-petition.

5. Regardless of how you apply the 2nd payment made in August, 2016, there is clearly a discrepancy between the Debtor's payment records and the payment records of First Guaranty.

6. Another discrepancy in First Guaranty's payment records is that First Guaranty is showing no escrow deficiency as of the petition date on the attachment to its Claim. However, First Guaranty is claiming that as of January 17 the Debtor's escrow account was $-2,149.45 with a monthly escrow contribution of $429.29. That negative escrow account balance would require five months with no escrow contributions, but it was not negative as of the Petition date, and that would require that the Debtor be five months in arrears post petition and due for the September, 2016 payment not the November, 2016 payment as alleged by First Guaranty in the Motion.

For these reasons the Debtor objects to the stay being lifted and his homestead being abandoned from his bankruptcy estate in order to allow the enforcement of a mortgage obligation on which he is current and is paying consistently outside the plan.

                                                  __/a/ Elaine M. Dowling_____
Elaine M. Dowling (OBA #14,217)
5500 N. Western, Suite 130
Oklahoma City, Oklahoma 73118
(405) 842-8005
(405) 840-6367 – telefax
Dowlinglawoffice@aol.com
Attorney for Debtor

## NOTICE OF HEARING

      Notice is hereby given that a hearing will be held on this matter on February 7, 2017 at 2:00 p.m. in the 2nd floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102.